## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOPE A. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-20-444-G |
| | ) | |
| CSAA INSURANCE SERVICES, INC., | ) | TITLE VII, ADA DISCRIMINATION |
| | ) | HARASSMENT, RETALIATION |
| | ) | ARISING IN OKLA. CNTY. |
| Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges and states as follows:

### PARTIES

1.     The Plaintiff is Hope A. Thomas, an adult female.

2.     The Defendant is CSAA Insurance Services, Inc, a business entity doing business in Oklahoma County, Oklahoma.

### JURISDICTION AND VENUE

3.     Plaintiff's action is one for gender discrimination in employment, which is prohibited by Title VII of the Civil Rights Act of 1964, as amended, and by the Americans With Disabilities Act, as amended.  Jurisdiction over the federal claims is vested in this Court under 42 U.S.C. § 2000e-5(f), 42 U.S.C. § 12117(a),  and 28 U.S.C. § 1331.

4.     All of the claims arose in Oklahoma County, and the Defendant is located in such county.  Oklahoma County is within the Western District of the United States District Court of Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

### STATEMENT OF FACTS

5.     Plaintiff is a female who was employed by Defendant from approximately July 24, 2017, until her wrongful termination on May 14, 2019.

6.      At the time of Plaintiff's termination, Plaintiff was a Sr. Claims Adjuster working 'large loss' claims.

7.      Plaintiff is a lesbian, and in approximately June 2018, she was assigned a new supervisor, Andy Norton.

8.      Mr. Norton would regularly make 'gay' jokes in public and in Plaintiff's hearing vicinity.  This would occur about three times per month during team meetings while Plaintiff was present.

9.      Plaintiff was regularly discriminated against in terms of work and assistance in comparison to heterosexual co-workers.

10.     Plaintiff made a complaint around September 2018, and had a meeting with manager, Kim Mackall, and Mr. Norton around the end of September 2018.  During this meeting, Plaintiff expressed discomfort with the 'gay' jokes. Mr. Norton admitted that he was looking for reasons to fire the Plaintiff and started yelling at Plaintiff at which point the meeting was called off. Plaintiff requested another meeting to resolve the harassment, but no meeting was given.

11.     Around November 10, 2018, Plaintiff was moved to 'special projects' and, as a result, was supposed to be given a raise and an increase in title to Sr. Claims Adjuster. Plaintiff was not given the raise, and her title was not changed until February 2019. Plaintiff was supposed to be given back pay to make-up for the underpayment, but Plaintiff was never given the back pay or the bonus associated with her new position.

12.     Plaintiff has an anxiety disorder which, in its unremidiated, state, substantially impairs the Plaintiff in her ability to think, remember, concentrate, and interact with others. Plaintiff takes prescription medication for this disability.

13.     In Plaintiff's new position, Plaintiff was required to work approximately eighty (80) hours a week. Plaintiff was not paid the full amount of her overtime.

14.     The work and pay problems caused a great deal of stress and, together with her disability, caused Plaintiff to take some days off from work to accommodate her condition.

15.     On the day Plaintiff was terminated, a co-worker was yelling at Plaintiff, and Plaintiff yelled back.  Plaintiff requested an accommodation in the form of a few hours off work to take her anxiety medication and allow it to take effect.  When Plaintiff returned, she was terminated supposedly for yelling at the co-worker.

16.     Defendant's reason for termination is false as the co-worker was not terminated for the same conduct. The real reason for Plaintiff's termination was discrimination and retaliation for complaining of sexually harassing conduct because Plaintiff did not meet gender expectations due to Plaintiff's sexual orientation including Plaintiff's appearance (short hair and men's clothes), because of Plaintiff's anxiety disorder and the need for occasional time off as an accommodation.

17.     As the direct result of the harassment, discrimination and retaliation of the Defendant, Plaintiff lost her employment and consequently suffered the loss of earnings and benefits both in the past, present and continuing into the future as well as unpaid commissions. Additionally, such actions caused the Plaintiff dignitary harm in the form of emotional distress, anger, embarrassment, worry and other similar unpleasant emotions arising from the harassment, discrimination and retaliation.

18.     Reporting of sexual harassment and retaliation are prohibited by Title VII of the Civil Rights Act of 1964.

19.     Discrimination based on disabilities and the need for an accommodation is contrary to the provisions of the Americans with Disabilities Act, as amended.

20.     Under Title VII and the ADA, the Plaintiff is entitled to recover all actual damages including earnings and benefits lost, the loss of earned commissions, compensation for the dignitary and emotional injuries suffered.

21.     Because the discrimination and retaliation Plaintiff suffered were through actions of Defendant's managers, Plaintiff is entitled to an award of punitive damages.

22.     Plaintiff filed a *pro se* administrative charge with the EEOC on or about February 14, 2020, listing harassment, discrimination and retaliation.

23.     On or about February 14, 2020, the EEOC issued Plaintiff as right-to-sue on such charges, and this suit is timely filed within ninety (90) days of receipt of such right-to-sue.

24.     Plaintiff's original charge of discrimination was, on review by her attorney, an inadequate description of her claims. Plaintiff has timely filed another charge of discrimination with a complete description of her claims filed with the EEOC dated March 5, 2020. This charge was timely filed within three hundred (300) days of Plaintiff's termination, however, the EEOC has not yet issued a right to sue for this charge.

## PRAYER

**WHEREFORE** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, liquidated and punitive damages together with pre- and postjudgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

**RESPECTFULLY SUBMITTED THIS 13ᵗʰ DAY OF MAY, 2020.**

s/Mark Hammons
HAMMONS, HURST, & ASSOCIATES
Mark Hammons, OBA No. 3784
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone:  (405) 235-6100
Facsimile:  (405) 235-6111
Email: amberashby@hammonslaw.com

**JURY TRIAL DEMANDED**